Deborah R. Chandler (12057)
ANDERSON & KARRENBERG
50 W. Broadway, Suite 600
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697
dchandler@aklawfirm.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| JAMES NIEHUES; JAMES NIEHUES, LLC; and OPEN ROAD SKI COMPANY LLC,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>RICK WHITEMYER, individually and dba GNARWALLS; AMBERLEE WHITEMYER, individually and dba GNARWALLS; and BUZZ GRAPHICS, INC. dba GNARWALLS,<br><br>　　　　Defendants. | Case No.: 1:21-cv-00134-DBB-CMR<br><br>**MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56-1 of the Local Rules of Civil Practice, Plaintiffs James Niehues, James Niehues, LLC; and Open Road Ski Company, LLC (collectively, "Plaintiffs") hereby move the Court for summary judgment on Plaintiffs' claim against Defendants for copyright infringement.

## **INTRODUCTION AND RELIEF REQUESTED**

Jim Niehues' life work has been creating hand painted ski resort trail maps. If you have skied or hiked in Utah, you have likely seen one of Jim Niehues' distinctive works:



Niehues has protected his original artwork by registering his works with the United States Copyright Office. In 2018, Open Roads Ski Company ("ORSC") entered into a licensing agreement regarding Mr. Niehues' copyrighted artwork and started collaborating with Niehues to market and sell his works. In the fall of 2020, Plaintiffs discovered that Defendants were infringing

2

on Niehues' copyrighted artwork by selling reproductions of his ski maps on a website called Gnarwalls https://gnarwalls.com/collections/gnarwalls-maps. Neither Niehues nor ORSC granted Defendants the right to use Niehues' copyrighted artwork in this, or any other, fashion. In fact, shortly after discovering Defendants' infringing use of Niehues' artworks, in November 2020, ORSC informed Defendants of its claim of right to Niehues' artworks. After Defendants refused to discuss a retroactive license or other remedy for the infringing use, ORSC again demanded that Gnarwalls "cease and desist" from sales of the copyrighted artworks. Defendants, however, persisted in selling their infringing works, in violation of 17 USC § 101, et seq. Accordingly, Plaintiffs filed this action, alleging a claim for copyright infringement. Now, Plaintiffs seek summary judgment on their First Cause of Action based Defendants continued infringement of the copyrighted artwork.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

For the purposes of this Motion, Plaintiffs set for the following undisputed material facts:

1. Jim Niehues ("Niehues") is the owner of the copyright registration No. VA 0002082023, a unique painting of the ski trails and terrain of the Big Sky, Montana ski resort. A copy of Niehues' VA Registration record is attached along with a copy of the artwork itself as **Exhibit 1**.

2. Niehues is the owner of the copyright registration No. VA 0002060972, a unique painting of the ski trails and terrain of the Jackson Mountain, Wyoming ski resort. A copy of Niehues' VA Registration record is attached along with a copy of the artwork itself as **Exhibit 2**.

3. Niehues is the owner of the copyright registration No. VA 0002068256, a unique

painting of the ski trails and terrain of the Taos, New Mexico ski resort. A copy of Niehues' VA Registration record is attached along with a copy of the artwork itself as **Exhibit 3**[1].

4. Niehues exclusively licensed all his Copyrighted Artwork to Niehues LLC, effective January 1, 2009. *See* **Exhibit 4.**

5. Niehues LLC then entered into a license with ORSC dated April 1, 2018, which, as amended, grants ORSC the exclusive right to publish, market, and sell a book about Niehues, and to produce posters and limited-edition prints of Niehues' ski trail paintings, including the Copyrighted Artworks (the "License Agreement"). *See* **Exhibit 5.**

6. Defendants have been selling unauthorized reproductions of the Copyrighted Artworks through their website Gnarwalls https://gnarwalls.com/. *See also* **Exhibits 6-7**.

7. The Gnarwalls website lists certain "Restricted Resorts" that it acknowledges it does not have rights to reprint. *See* **Exhibit 8.**

8. On November 29, 2020, ORSC sent an email to Defendant Rich Whitemyer, demanding that Gnarwalls immediately stop any advertising, marketing and/or sales of James Niehues' art for which Defendants did not have a written license, and informing Defendants that any willful reproduction of any of the Copyrighted Artworks without a license would constitute infringement. ORSC also attached to the email copies of Niehues's copyright registrations. *See* **Exhibit 9.**

9. Defendants continued to sell unauthorized reproductions of the Copyrighted

---

[1] The copyrighted art of Niehues', attached as Exhibits 1-3, are hereafter collectively referred to as the "Copyrighted Artwork".

Artworks after the November 29, 2020 letter. *See* **Exhibits 6-7.**

10. On December 17, 2020, counsel for ORSC sent Defendants a cease and desist letter, demanding that Defendants immediately cease and desist from any and all reproduction, distribution and/or sales of infringing works, and informing Defendants that their continued willful reproduction of any of the Copyrighted Artwork without a license constitutes copyright infringements for which statutory damages of up to $150,000 per infringement would be available. *See* **Exhibit 10.**

11. To date, Defendants have continued to sell the infringing works on the Gnarwalls website, despite admitting that they did not have the permission of Plaintiffs to reproduce the Copyrighted Artwork. *See* **Exhibit 11**, Response to Plaintiffs' First Set of Discovery Request to Defendants, Response to Request for Admission No. 11.

12. Defendants similarly do not have a licensing agreement with Jackson Mountain, Big Sky, or Taos Resorts to use their resort maps. *See* **Exhibit 12,** Declaration of Deborah R. Chandler.

## ARGUMENT

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009); Fed. R. Civ. P. 56(a). While the court views "the factual record in the light most favorable to the party opposing summary judgment," *Trainor v. Apollo Metal Specialties, Inc.*, 318

F.3d 976, 979 (10th Cir. 2003), "the nonmovant may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996). "An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant." *Id*. "When the moving party has carried its burden under rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Nunes v. Rushton*, 299 F. Supp. 3d 1216, 1224 (D. Utah 2018)(cleaned up).

### B. Defendants' Continued Use of Niehues' Copyrighted Artwork Constitutes Copyright Infringement.

The owner of a copyright has the exclusive right to reproduce and distribute the copyrighted work as well as the right to prepare derivative works. 17 U.S.C. § 106. Anyone who violates any of the exclusive rights of the copyright owner … is an infringer of the copyright." 17 U.S.C. § 501(a). "To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original." *EMI Ent. World, Inc. v. Priddis Music, Inc.,* 505 F. Supp. 2d 1217, 1224 (D. Utah 2007)( citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)). "A Certificate of Registration, if timely obtained, constitutes prima facie evidence of the validity of the copyright." *ITN Flix, LLC v. Univision TV Group, Inc.,* 259 F. Supp. 3d 1300, 1307 (D. Utah 2017). Plaintiffs have provided copies of the Certificate of Registration for the

Copyrighted Artwork. *See* Exhibits 1-3. Thus, the first element of infringement has therefore been met.

A plaintiff may prove copying either with direct evidence or by showing the alleged infringer had access to the copyrighted work and that "there are probative similarities between the copyrighted material and the allegedly copied material." *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir.1996). In this case, it is undisputed that the unauthorized works sold by the Defendants are substantially similar to the Copyrighted Artwork. "[W]here the works in question are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 56 (2nd Cir. 2003). "[A] high degree of similarity may permit access to be inferred." *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1179 (10th Cir. 2009). Therefore, even "if a plaintiff is unable to demonstrate access, he may establish (factual) copying by demonstrating that the copyrighted work and the alleged infringing work are strikingly similar." *Id.* Plaintiffs have met their burden on this element as well. Indeed, Defendants do not allege that they maps they are selling are an original creation. In fact, their website states that their maps are " an exact reproduction of the one you see on the hill!" The only difference between the Copyrighted Artwork and the reproductions sold by Defendants is the overlay of the ski runs – which is also not the independent work of Defendants. It is also undisputed that Defendants have no license from the respective ski resorts to use their maps. Because Defendants reproductions are, on their face, an exact reproduction of the Copyrighted Artwork, the second element of copyright

infringement has been met. Plaintiffs are entitled to summary judgment on their First Claim for Relief.

### C. Defendants' Infringement was Willful.

An infringer may be liable for enhanced damages up to $150,000 for willful copyright infringement. 17 U.S.C. § 504(c)(2). ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.") "Willfulness" means either knowing or reckless copyright infringement. *See, e.g., Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,* 658 F.3d 936, 944 (9th Cir. 2011) ("To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights."); *see also In re Seagate Tech., LLC*, 497 F.3d 1360, 1370 (Fed.Cir. 2007) (en banc); *Island Software & Computer Serv., Inc., v. Microsoft Corp.,* 413 F.3d 257, 263 (2d Cir. 2005); *Superior Form Builders, Inc., v. Dan Chase Taxidermy Supply Co.,* 74 F.3d 488, 496 (4th Cir. 1996); *Wildlife Express Corp., v. Carol Wright Sales, Inc.,* 18 F.3d 502, 511 (7th Cir. 1994); *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.,* 845 F.2d 773, 779 (8th Cir. 1988). A finding "that an infringer acted maliciously" is not necessary to establish willful infringement. *See Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.,* 807 F.2d 1110, 1115 (2nd Cir. 1986).

Defendants were apprised on multiple occasions that they did not have permission from Plaintiffs to use the Copyrighted Artwork in any form. Defendants were also well aware that they

did not have permission or a license from the resorts to use their maps. Again, the Gnarwalls website specially notes that they cannot create certain maps for "Restricted Resorts" that they did not have permission to print. Defendants however, have continued to print the Copyrighted Artworks. Therefore, Defendants continued reproduction of the Copyrighted Artworks is willful, entitling Plaintiffs to enhanced damages.

## CONCLUSION

The undisputed evidence shows that: (1) Defendants violated Niehues' Copyrighted Artwork and (2) Defendants' copyright infringement was willful. Therefore, Plaintiffs are entitled to summary judgment on liability on both copyright infringement and the availability of enhanced damages for such actions.

DATED: December 15, 2022.

**ANDERSON & KARRENBERG**

 */s/ Deborah R. Chandler*
Deborah Chandler
*Attorney for Plaintiffs*

9